**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **HAROLD VICENTE CORDOVA LUZURIAGA,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN DELANEY HALL DETENTION FACILITY,**<br><br>**Respondent.** | **Civil Action No. 26-12896 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Harold Vicente Cordova Luzuriaga, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Ecuador. (ECF No. 5-1 at 1). He entered the United States on or about February 26, 2024. (*Id.*) He was detained at the border but was released on his own recognizance due to a lack of bed space. (*Id.* at 2).

3. ICE issued a Notice to Appear to Petitioner on February 27, 2024. (ECF No. 5-2 at 1).

4. Petitioner was detained by ICE on October 1, 2026. (ECF No. 5-1 at 2).

5. A warrant was issued that same day. (ECF No. 5-3).

6. ICE made an initial custody determination pursuant to 8 U.S.C. § 1226(a) concluding that Petitioner was to be detained. (ECF No. 5-4 at 1). Petitioner did not request a review of that determination by an immigration judge. (*Id.*)

7. This Petition followed on October 2, 2026. (ECF No. 1). He argued that he does not have a final order of removal or a criminal history. (*Id.* at 3).

8. Respondents assert the Petition should be dismissed as Petitioner failed to exhaust his administrative remedies by requesting a bond hearing. (ECF No. 5 at 2).

9. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

10. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

11. Respondents agree that Petitioner does not have a final order of removal or a known criminal history. (ECF No. 5 at 1). Accordingly, Petitioner is being detained pursuant to 8 U.S.C. § 1226. (ECF No. 5-4 at 1).

12. "Respondents unquestionably possess the authority to detain noncitizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d

842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

13. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ...." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

14. Petitioner did not request that an immigration judge review ICE's initial custody determination via a bond hearing. (ECF No. 5-4 at 1).

15. "Immigration detainees seeking to invoke this Court's habeas jurisdiction ... must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20-cv-6459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233-34 (3d Cir. 2003)).

16. Petitioner remains eligible to request a bond hearing if he wishes to contest his current detention.[1]

17. Accordingly, the Petition will be dismissed without prejudice.

---

[1] Petitioner states he did not request a bond hearing because he is unable to afford counsel. (ECF No. 6 at 2). Petitioner received a list of free legal services when he was served with the Notice to Appear. (ECF No. 5-1 at 2). This Court expects that Respondents will provide a current list of local counsel to Petitioner should he request one. *See* 8 C.F.R. § 1240.10(a)(2) (requiring an immigration judge in a removal proceeding to "advise the [noncitizen] of the availability of pro bono legal services for the immigration court location at which the hearing will take place, and ascertain that the [noncitizen] has received a list of such pro bono legal service providers.")

18. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: October 27, 2026